HARRY W. DUPPER, Respondent, v. JOHN ROGAN, Appellant.— Order denying defendant's motion to dismiss the complaint for lack of prosecution, upon condition that plaintiff file a note of issue and place the case on the calendar for the February, 1936, term for trial, affirmed, without costs. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

BALDWIN J. ERNST, Appellant, v. HARRY B. CARTER, BEE LINE, INC., ALERT LINE, INC., UTILITY LINES, INC., and NORTH SHORE COACH SERVICE, INC., Respondents.— In an action for a determination of the existence of a partnership and for a dissolution and an accounting, judgment dismissing the complaint on the merits reversed on the law and the facts, and a new trial granted, costs to appellant to abide the event upon the ground that the determination of the court at Special Term was against the weight of the evidence. It would be advisable that the question of partnership be submitted to a jury. All findings of fact are reversed and the conclusions of law are disapproved, for the purpose of granting a new trial. Lazansky, P. J., Carswell and Johnston, JJ., concur; Hagarty and Davis, JJ., dissent and vote to affirm.

LENA FREITAG, as Administratrix, etc., of PAUL FREITAG, Deceased, Appellant, v. JOSEPH C. SCHIFFERT, Respondent.— In an action to recover for the death of plaintiff's intestate alleged to have been due to negligence in the operation of defendant's motor car, judgment in favor of defendant, entered upon a directed verdict at the close of the case, unanimously affirmed, with costs. No opinion. Present —Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

ISABELLA L. HANAU, on Behalf of Herself and All Other Heirs at Law, Next of Kin, Legatees and Devisees of RUDOLPH L. HANAU, Appellant, v. JACK L. STERN, THE MARINE TRUST COMPANY OF BUFFALO and EDMOND FRANWICK, Individually and as Executors, etc., of RUDOLPH L. HANAU, Deceased, and HANAU ENGINEERING COMPANY, INC., Respondents.— Orders dismissing the plaintiff's complaint affirmed, with ten dollars costs and disbursements on each order. Plaintiff has sought to make the complaint sufficient by sprinkling charges throughout that the entire proceedings heretofore had were motivated by fraud and conspiracies, but these loose statements are adequately rebutted. Order denying the plaintiff's application for the appointment of a receiver of the property of named defendants affirmed, with ten dollars costs. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.